

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| A.M., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-2863-M (BF) |
| | § | |
| WELLS FARGO BANK, N.A. and | § | |
| BARRETT, DAFFIN, FRAPPIER, TURNER | § | |
| & ENGEL, LLP, | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiff's Lawsuit ("Motion to Dismiss") [D.E. 10]. Plaintiff A.M. a/k/a Jesus Armando Miranda ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Wells Fargo's Motion to Dismiss [D.E. 10].

### BACKGROUND

This case stems from a mortgage loan Plaintiff obtained from World Savings Bank ("World Savings") for a residence located at 409 Baldwin St., Grand Prairie, Texas 75052 (the "Property"). *See* Original Pet. [D.E. 1-4 at 3-4]. Plaintiff signed a promissory note setting forth his obligation to World Savings for the loan amount. *See id.* [D.E. 1-4 at 4]. Plaintiff also signed a deed of trust which secured his obligation under the note. *See id.* [D.E. 1-4 at 4]. The note and deed of trust were assigned from Mortgage Electronic Registration System ("MERS") to Wells Fargo Bank, N.A. ("Wells Fargo"). *See id.* [D.E. 1-4 at 4]. Plaintiff contends that while MERS indicated on the assignment of deed of trust that it held the note on its own behalf, the property records at Dallas

County do not show an assignment of the note and/or deed of trust from World Savings to MERS. *See id.* [D.E. 1-4 at 4]. Therefore, Plaintiff argues that there was a significant break in the chain of title between World Savings and Wells Fargo and thus, Wells Fargo cannot foreclose on Plaintiff's property because it had no interest in the note or deed of trust. *See id.* [D.E. 1-4 at 4]. Furthermore, Plaintiff contends that the assignment of the deed of trust from MERS to Wells Fargo was an ineffective assignment of the note, a negotiable instrument, because the Texas Business and Commerce Code requires negotiable instruments to be indorsed with a signature. *See id.* [D.E. 1-4 at 4]. Plaintiff contends that Wells Fargo had no right to receive payments under the note because an assignment filed with the county clerk is not a proper negotiation of a negotiable instrument. *See id.* [D.E. 1-4 at 4]. Further, because only the lender can invoke the power of sale and foreclosure on the property, Wells Fargo cannot invoke the power of sale and foreclosure from the deed of trust because it was not the lender. *See id.* [D.E. 1-4 at 4-5].

Plaintiff contends that he has not received any notice of the foreclosure sale prior to the sale and that he became aware of the sale from attorney advertisement letters sent to Plaintiff's parent's residence. *See id.* [D.E. 1-4 at 5]. Plaintiff concedes that he fell behind on his mortgage payments because of personal issues, including a divorce, but contends that he has since attempted to get caught up on his note. *See id.* [D.E. 1-4 at 5]. Plaintiff contends that when he contacted Wells Fargo to find out what the balance was due and owing to cure the default and reinstate the note, Wells Fargo insisted that Plaintiff apply for a loan modification or a repayment plan even though he was able to cure the default and reinstate his loan. *See id.* [D.E. 1-4 at 5-6].

On July 30, 2014, Plaintiff filed his Original Petition in the County Court at Law No. 4, Dallas County, Texas alleging breach of contract, anticipatory breach of contract, trespass to title,

violation of the Texas Debt Collection Practices Act, negligent misrepresentation, gross negligence, and seeking quite title and declaratory judgment. *See id.* [D.E. 1-4 at 8-15]. Plaintiff also sought a temporary restraining order and a temporary injunction to prevent Wells Fargo, among others, from selling or attempting to sell the Property. *See id.* [D.E. 1-4 at 18-24]. On July 31, 2014, a temporary restraining order was issued by the state court. *See* Ex. [D.E. 1-10 at 3]. On August 8, 2014, Wells Fargo removed this action to this Court. *See* Notice of Removal [D.E. 1]. On November 21, 2014, 2014, Wells Fargo filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* Mot. to Dismiss [D.E. 10].

## STANDARD OF REVIEW

### 1. Rule 12(b)(6)

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Further, in resolving a Rule 12(b)(6) controversy, a court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498; *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund*

*V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010)).

### 2. *Res Judicata*

"Under the law of this circuit, claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotations and citation omitted). "*Res judicata* applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Proctor & Gamble Co.*, 376 F.3d at 499 (internal quotations and citation omitted). Further, *res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D. Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)).

A plaintiff cannot avoid the application of *res judicata* through the addition of defendants in subsequent lawsuits if the subsequent defendants are in privity with defendants in the prior lawsuit. *See Davis v. Dallas Area Rapid Transit*, No. 3:01-CV-2595-M, 2002 WL 172646, at *2 (N.D. Tex. Feb. 1, 2002) ("Plaintiffs' attempt to name an additional defendant, a supervisor at DART, to avoid the applicability of the doctrine of *res judicata* is unsuccessful because Rodriguez is in privity with DART.") (citations omitted); *Bond v. Barrett, Daffin, Frappier, Turner & Engel, LLP*, C.A. No. G-12-188, 2013 WL 1619691, at *13 (S.D. Tex. Mar. 22, 2013) ("Plaintiff's claims are barred by *res judicata*. First, in the prior action, Plaintiff named as Defendants JPMorgan, as the

successor of Defendant EMC, as well as Defendant Barrett. . . . These parties are identical or in privity with the Defendants named in this action. Defendant Barrett was named in both actions. Defendants Odom and Bailey are employees of JPMorgan, and to the extent Plaintiff sues them in their capacities as agents, this relationship establishes privity for the purposes of *res judicata*. To the extent Plaintiff sues them in their capacities as agents of Defendant EMC, privity is established because JPMorgan is a mere continuation of Defendant EMC as its successor.") (internal quotations and citations omitted). In addition, the dismissal of a case for failure to prosecute constitutes adjudication on the merits for *res judicata* purposes. *See In re Pequeño*, No. 07-41074, 2008 WL 4873732, at *1 (5th Cir. 2008) ("Pequeño's claim is barred by *res judicata*. A dismissal for failure to prosecute bars any further adjudication, because it operates as an adjudication on the merits.") (citing *Nielsen*, 976 F.2d at 957).

## ANALYSIS

Wells Fargo argues that Plaintiff's claims are barred by *res judicata* because this is Plaintiff's third time prosecuting the same claims challenging the foreclosure of the Property which have already been dismissed with prejudice. *See* Mot. to Dismiss [D.E. 10 at 12]. Plaintiff filed his first lawsuit regarding the Property in state court on December 2, 2010 which was subsequently removed to the District Court by Wells Fargo and proceeded under Civil Action No. 3:10-CV-2585-B ("First Lawsuit"). *See id.* [D.E. 10 at 12]. Plaintiff's present suit involves the same claims that were brought or claims that could have been brought in the First Lawsuit. *See* Pl.'s 1st Am. Compl. [D.E. 15]; No. 3:10-CV-2585-B. On June 27, 2013, the Honorable Jane J. Boyle dismissed that suit with prejudice due to Plaintiff's failure to prosecute his case. *See* Order [D.E. 33]; No. 3:10-CV-2585-B. On May 30, 2013, Plaintiff filed his second lawsuit in state court seeking to prevent foreclosure of the

5

Property which was removed to the District Court by Wells Fargo on June 13, 2013 and proceeded under Civil Action No. 3:13-CV-2217-L ("Second Lawsuit"). Again, Plaintiff's present suit involves the same claims that were already brought or claims that could have been brought in the Second Lawsuit. *See* Original Pet. [D.E. 1-4]; No. 3:13-CV-2217-L. The Second Lawsuit was dismissed without prejudice on November 29, 2013 by the Honorable Sam A. Lindsay for Plaintiff's failure to prosecute his case. *See* J. [D.E. 22]; No. 3:13-CV-2217-L.

As Wells Fargo contends, this suit should be dismissed on *res judicata* grounds. The parties in the prior lawsuits and the present lawsuit are identical or in privity. Plaintiff's addition of Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett Daffin") as a defendant in the present lawsuit and the Second Lawsuit does not preclude the application of *res judicata* given that Plaintiff sues Barrett Daffin as an agent of Wells Fargo who therefore is in privity. *See Bond*, 2013 WL 1619691, at *13. In addition, the judgments in the prior suits were rendered by a court of competent jurisdiction and the claims in the present suit arise from the same subject matter, the Property, and have been or could have been litigated in the prior actions. *See* Pl.'s Verified Original Pet. [D.E. 1-4] (No. 3:14-CV-2863-M); Pl.'s 1st Am. Compl. [D.E. 15] (No. 3:10-CV-2585-B); Original Pet. [D.E. 1-4] (No. 3:13-CV-2217-L). Furthermore, the prior suits concluded with final judgment on the merits given that dismissal of a case for failure to prosecute constitutes adjudication on the merits for *res judicata* purposes. *See In re Pequeño*, 2008 WL 4873732, at *1.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT**

Wells Fargo's Motion to Dismiss [D.E. 10] and dismiss this case with prejudice.[1]

**SO RECOMMENDED**, this 6 day of January, 2015.

```
_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

---

1. Because this case should be dismissed on *res judicata* grounds, the undersigned pretermits consideration of Wells Fargo's alternate arguments.

7